UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKUWA ISHAK | * | CIVIL ACTION |
| VERSUS | * | NO. 24-23 |
| GREENSBURG POLICE DEPT., ET AL. | * | SECTION L |

**ORDER & REASONS**

Before the Court are three motions to dismiss filed by several defendants. The first motion is filed by District Attorney Scott Perriloux. R. Doc. 20. The second motion is filed by the City of Hammond, the Hammond Police Department, Chief Edwin Bergeron, Jr., and Officer Brittany Lucia. R. Doc. 22. The third motion is filed by Tangipahoa Parish Sheriff's Department, Tangipahoa Parish Jail, and Tangipahoa Parish Sheriff Daniel Edwards. R. Doc. 25. Plaintiff Akuwa Ishak has not opposed any of the motions. Considering the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

   a. Factual Background

This case arises out of Plaintiff Akuwa Ishak's alleged false imprisonment.[1] R. Doc. 11. On October 7, 2023, Plaintiff alleges that she was informed that defendant Greensburg Police Department was going to raid the home she was visiting, so she decided to stay in a hotel room in Hammond, Louisiana. *Id.* at 3. In the hotel room with her was a woman named Debra Cooper. *Id.* at 5.

One day later, she alleges that her hotel room was raided by the Greensburg and Hammond

---

[1] Plaintiff also goes by the name Fanta C. Brooks. R. Doc. 11 at 2.

Police Departments. *Id.* at 4. Greensburg Police Department allegedly requested the help of defendant Hammond Police Department to apprehend Debra Cooper pursuant to a warrant it had for her arrest. *Id.* at 4-5. Plaintiff was allegedly informed of this warrant but still questioned the police officers for over twenty minutes before opening the door to the hotel room. *Id.* Officers allegedly then detained Cooper and took her away by an ambulance. *Id.* at 5. Then, defendant Officer Brittany Lucia allegedly arrested Plaintiff. Plaintiff alleges that Officer Lucia did not have any evidence or proof that Plaintiff had committed any offense. *Id.* On October 9, 2023, Plaintiff was booked into the defendant Tangipahoa Parish Jail. R. Doc. 22-2 at 2.

On November 10, 2023, Plaintiff alleges she was transferred to St. Helena Parish Jail. R. Doc. 11 at 7. On November 13, 2023, she allegedly bonded out of St. Helena Parish Jail and is now awaiting trial. *Id.*

### b. Procedural Background

On October 20, 2023, Plaintiff filed a complaint in the United States District Court for the District of Columbia. R. Doc. 1. Five days later, she filed an amended complaint. R. Doc. 2. In December 2023, the case was transferred to this Court. R. Doc. 7. On January 23, 2024, Plaintiff filed another amended complaint. R. Doc. 11. In her complaint, she largely alleges that through the actions of the various defendants, she was falsely imprisoned, a victim of an aggravated kidnapping, and she suffered pain, physical injury, as well as destruction to her reputation. *Id.* She further alleges that the defendants' conduct violated her due process. *Id.* She seeks declaratory, injunctive, and monetary relief in conjunction with these claims. *Id.* There is also a pending criminal case against her in the 21st Judicial District Court of Tangipahoa Parish, Dkt # CR-2400153. R. Doc. 22.

Presently, several defendants seek to dismiss Plaintiff's claims against them. R. Docs. 20,

22, 25.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

"While a court is generally limited to factual allegations contained in the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to a defendant's motion to dismiss 'if they are referred to in the plaintiff's complaint and are central to her claim'" *Moton v. Underwriters at Lloyd's London*, No. 22-3634, 2023 WL 6804365, *1, *2 (E.D. La. Sept. 7, 2023) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## III. ANALYSIS

Between the three motions filed, eight defendants seek dismissal of Plaintiff's claims

against them. The Court will address each defendant's argument in turn.

### a. Claims against the Hammond Police Department, the Tangipahoa Parish Sheriff's Department, and Tangipahoa Parish Jail

The Court can quickly dispose of Plaintiff's claims against (1) the Hammond Police Department, (2) the Tangipahoa Parish Sheriff's Department and (3) Jail. Under Fed. R. Civ. P. 17(b)(3), the ability of a non-corporate entity to sue or be sued in federal court is governed by the law of the state where the district court is located. As pointed out by all three defendants, only non-human "judicial persons" can be sued under Louisiana law. La. Civ. Code art. 24. Louisiana police departments, parish sheriff's offices, and parish jails are not considered to be "juridical persons." *Thomas v. Cindy*, No. 15-681, 2016 WL 1727367, at *3 (M.D. La. Apr. 16, 2016) *rep. and rec. adopted sub nom.* 2016 WL 1700404 (M.D. La. Apr. 27, 2016) ("It is. . . well settled under Louisiana law that a sheriff's department or office or a 'parish prison' is not a separate legal entity capable of being sued."); *Harvey v. Westwego Police Dept.*, No. 23-2181, 2023 WL 6644416, at *2 (E.D. La. Oct. 12, 2023) ("[U]nder Louisiana law, police departments are not juridical entities capable of suing or being sued."). Thus, all of Plaintiff's claims against these three defendants are dismissed with prejudice.

### b. Claims against Scott Perriloux

Next, the Court finds that dismissal of Plaintiff's claims against defendant Scott Perriloux as proper. In her complaint, Plaintiff generally alleges that Perriloux engaged in prosecutorial misconduct, was responsible for Plaintiff's transfer from Tangipahoa Parish Jail to St. Helena Parish Jail, and that the state claims brought against her by Perriloux in his official capacity were brought in the improper court. R. Doc. 11 at 7, 8. In connection with allegations, Plaintiff requests that this Court direct the state court presiding over her pending criminal proceedings to act in a certain way. *Id.* at 17-18. Mainly, she seeks an order from this Court upon that state court to halt

the proceedings against her from continuing any further. Even accepting Plaintiff's lofty assertions as true, this Court has no jurisdiction to issue the relief that Plaintiff seeks. *Hood v. Comm'r Foil*, No. 13-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013) ("[T]o whatever extent . . . that [Plaintiff] seeks an order of this court directing the judge to take action concerning plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought."). Accordingly, the Court dismisses Plaintiff's claims against Scott Perriloux, with prejudice.

### c. Claims against Officer Brittany Lucia

The Court now addresses Plaintiff's claims against Officer Lucia. Plaintiff alleges that Officer Lucia arrested her "for offenses which never took place and which [Officer] Lucia had no proof, nor did [Officer] Lucia have any evidence of any offense." R. Doc. 11 at 5. Accordingly, she alleges that Officer Lucia "committed an act of Aggravated Kidnapping, leading to false imprisonment." *Id.*

Read broadly, it appears that Ishak seeks declaratory, injunctive, and monetary relief under 42 U.S.C. §1983 in connection with Officer Lucia's actions. However, such claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court found that civil actions for alleged civil rights violations which attack the validity of state confinement that have not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. *See Hood*, 2013 WL 6174614 at *4. The Fifth Circuit further holds that *Heck* is applicable in both civil actions for monetary damages and where plaintiffs seek injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Because Ishak attacks the validity of her state imprisonment, and none of the *Heck* conditions have been met, any claims for relief that she asserts are barred under *Heck*. Accordingly,

the Court dismisses such claims asserted by plaintiff against Officer Lucia, with prejudice, until the *Heck* Conditions are met. *Hood*, 2013 WL 6174614; *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).

### d. Claims against Chief Edwin Bergeron, Jr. and the City of Hammond

The Court further finds that the claims against Chief Bergeron and the City of Hammond must be dismissed. Plaintiff alleges that these two defendants caused her "false arrest" because of "improper training and negligence." R. Doc. 11 at 16. It appears that Plaintiff is attempting to raise a *Monell v. Department of Social Services* claim and failure-to-train claim against these defendants. 436 U.S. 658 (1978)

To be successful on a *Monell* claim, Plaintiff must "plead facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020). Further, to prevail on her failure-to-train claim, Plaintiff "must plead facts plausibly establishing '(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question.'" *Id.*

Despite the broad assertion that negligence and lack of training on the part of Chief Bergeron and the City of Hammond led to her alleged false arrest, Plaintiff fails to plead any facts necessary—such as directing the Court to consider a policy that the defendants violated—to state a plausible claim for relief under either of these two theories. Accordingly, the Court dismisses her claims against these defendants, with prejudice.

### e. Claims against Tangipahoa Parish Sheriff Daniel Edwards

Lastly, Sheriff Edwards seeks dismissal of claims asserted against him. Regarding the

actions of Sheriff Edwards, Plaintiff alleges that she "employed the assistance of family members to provide communication to with [sic] Defendant . . . Bergeron . . . concerning the false allegations, but no communications were tendered by Defendant Bergeron, . . . or Defendant Edwards, who was currently in rehab for substance abuse." R. Doc. 11 at 5. Even accepting this allegation as true, Plaintiff fails to state a claim for relief because it is unclear what relief Plaintiff seeks in conjunction to this illusory statement.

She additionally alleges that "under coercion and threat" Plaintiff was "injected with an unknown substance" per guidelines established by Sheriff Edwards at Tangipahoa Parish Jail. *Id.* at 6. In response to this allegation, Sheriff Edwards indicates that the actions described above are Plaintiff's account of when she was being tested for tuberculosis at the Jail. R. Doc. 25-1 at 2. The Fifth Circuit has previously held that jails have a compelling interest in minimizing the spread of tuberculosis such that testing incarcerated persons, even against their will, is constitutional. *McCormick v. Stalder*, 105 F.3d 1059, 1061-62 (5th Cir. 1997). Accordingly, this claim against Sheriff Edwards also fails.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss at R. Docs. 20, 22, 25 are **GRANTED**. Plaintiff's claims against all defendants are denied with prejudice. However, Plaintiff reserves the right to re-urge the arguments raised in her Complaint after meeting the *Heck* conditions.

New Orleans, Louisiana this 1st day of May, 2024.

_____
United States District Judge