UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKUWA ISHAK | * | CIVIL ACTION |
| VERSUS | * | NO. 24-23 |
| GREENSBURG POLICE DEPT., ET AL. | * | SECTION L |

**ORDER & REASONS**

Before the Court is a 12(b)(6) motion to dismiss filed by defendants Assistant Chief Virgil Lee Carmona, individually and in his official capacity as Assistant Chief for the Town of Greensburg (erroneously referred to as "Lee Carmona"); Chief Cedric Burise, individually and in his official capacity as Chief of Police for the Town of Greensburg (erroneously referred to as "Cedric Burris"); Michael Martin, individually and in his official capacity as an employee of the Town of Greensburg; Reserve Officer Mollie Tinnin, individually and in her official capacity as a Reserve Officer for the Town of Greensburg; the Greensburg Police Department; and the Town of Greensburg (collectively, the "Greensburg Defendants"). R. Doc. 29. No opposition has been filed. Considering the briefing and the applicable law, the Court now rules as follows.

I. BACKGROUND

a. Factual Background

This case arises out of Plaintiff Akuwa Ishak's alleged false imprisonment.[1] R. Doc. 11. On October 7, 2023, Ishak alleges that she was told that defendant Greensburg Police Department was going to raid the home she was visiting, so she decided to stay in a hotel room in Hammond, Louisiana. *Id.* at 3. In the hotel room with her was a woman named Debra Cooper. *Id.* at 5.

---

[1] Plaintiff also goes by the name Fanta C. Brooks. R. Doc. 11 at 2.

1

One day later, she alleges that her hotel room was raided by the Greensburg and Hammond Police Departments. *Id.* at 4. Greensburg Police Department allegedly requested the help of defendant Hammond Police Department to apprehend Debra Cooper pursuant to a warrant it had for her arrest. *Id.* at 4-5. Plaintiff was allegedly informed of this warrant but still questioned the Hammond and Greensburg police officers for over twenty minutes before opening the door to the hotel room. *Id.* Reserve Officer Tinntin and Assistant Chief Carmona allegedly then detained Cooper and took her away by an ambulance. *Id.* at 5. Then, defendant Officer Brittany Lucia allegedly arrested Plaintiff. Plaintiff alleges that Officer Lucia did not have any evidence or proof that Plaintiff had committed any offense. *Id.* On October 9, 2023, Plaintiff was booked into the defendant Tangipahoa Parish Jail. R. Doc. 22-2 at 2.

On November 10, 2023, Plaintiff alleges she was transferred to St. Helena Parish Jail. R. Doc. 11 at 7. On November 13, 2023, she allegedly bonded out of St. Helena Parish Jail and is now awaiting trial. *Id.*

### b. Procedural Background

On October 20, 2023, Plaintiff filed a complaint in the United States District Court for the District of Columbia. R. Doc. 1. Five days later, she filed an amended complaint. R. Doc. 2. In December 2023, the case was transferred to this Court. R. Doc. 7. On January 23, 2024, Plaintiff filed another amended complaint. R. Doc. 11. In her complaint, she largely alleges that through the actions of the various defendants, she was falsely imprisoned, a victim of an aggravated kidnapping, and she suffered pain, physical injury, as well as destruction to her reputation. *Id.* She further alleges that the defendants' conduct violated her due process. *Id.* She seeks declaratory, injunctive, and monetary relief in conjunction with these claims. *Id.* There is also a pending criminal case against her in the 21st Judicial District Court of Tangipahoa Parish, Dkt # CR-

2400153. R. Doc. 22.

On May 1, 2024, this court granted three motions to dismiss, R. Docs. 20, 22, 25, filed by several other defendants. R. Doc. 26. Presently, the remaining defendants move to dismiss the claims asserted against them.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.*" Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

"While a court is generally limited to factual allegations contained in the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to a defendant's motion to dismiss 'if they are referred to in the plaintiff's complaint and are central to her claim'" *Moton v. Underwriters at Lloyd's London*, No. 22-3634, 2023 WL 6804365, *1, *2 (E.D. La. Sept. 7, 2023) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99

(5th Cir. 2000)).

### III. ANALYSIS

Six defendants seek dismissal of Plaintiff's claims against them. The Court will address each argument in turn.

#### a. Claims Against the Greensburg Police Department

The Court can quickly dispose of Plaintiff's claims against the Greensburg Police Department. Under Fed. R. Civ. P. 17(b)(3), the ability of a non-corporate entity to sue or be sued in federal court is governed by the law of the state where the district court is located. Only non-human "judicial persons" can be sued under Louisiana law. La. Civ. Code art. 24. Louisiana police departments, parish sheriff's offices, and parish jails are not considered to be "juridical persons." *Thomas v. Cindy*, No. 15-681, 2016 WL 1727367, at *3 (M.D. La. Apr. 16, 2016) *rep. and rec. adopted sub nom.* 2016 WL 1700404 (M.D. La. Apr. 27, 2016) ("It is. . . well settled under Louisiana law that a sheriff's department or office or a 'parish prison' is not a separate legal entity capable of being sued."); *Harvey v. Westwego Police Dept.*, No. 23-2181, 2023 WL 6644416, at *2 (E.D. La. Oct. 12, 2023) ("[U]nder Louisiana law, police departments are not juridical entities capable of suing or being sued."). Thus, Plaintiff's claim against this defendant is dismissed with prejudice.

#### b. False Arrest and False Imprisonment Claims Against Chief Burise and the Town of Greensburg

Next, the Court addresses the false arrest and false imprisonment claims against Chief Burise and the Town of Greensburg. Plaintiff alleges that these defendants caused her "false arrest" because of "improper training and negligence." R. Doc. 11 at 16. It appears that Plaintiff is attempting to raise a *Monell v. Department of Social Services* claim and failure-to-train claim against these defendants. 436 U.S. 658 (1978).

To be successful on a *Monell* claim, Plaintiff must "plead facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.'" *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020). Further, to prevail on her failure-to-train claim, Plaintiff "must plead facts plausibly establishing '(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question.'" *Id.*

Despite the broad assertion that negligence and lack of training on the part of Chief Burise and the Town of Greensburg led to her alleged false arrest, Plaintiff fails to plead any facts necessary—such as directing the Court to consider a policy that the defendants violated—to state a plausible claim for relief under either of these two theories. Accordingly, the Court dismisses such claims against these defendants, with prejudice.

### c. Claims Against Chief Burise, Assistant Chief Virgil Lee Carmona, Reserve Officer Mollie Tinnin, Michael Martin Under 42 U.S.C. § 1983 in Their Individual Capacities

Read broadly, it appears that Ishak seeks declaratory, injunctive, and monetary relief under 42 U.S.C. §1983 in connection with Chief Burise, Assistant Chief Carmona, Reserve Officer Mollie Tinnin and Michael Martin's actions. However, such claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). As stated in this Court's earlier order, the Supreme Court holds that civil actions for alleged civil rights violations attacking the validity of state confinement that have not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. *See Hood*, 2013 WL 6174614 at *4. The Fifth Circuit further holds that *Heck* is applicable in both civil actions for monetary damages and where plaintiffs seek injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).

Because Ishak attacks the validity of her state imprisonment, and none of the *Heck* conditions have been met, any claims for relief that she asserts are barred under *Heck*. Accordingly, the Court dismisses such claims asserted by plaintiff against Chief Burris, Assistant Chief Carmona, Reserve Officer Tinnin and Michael Martin in their individual capacities, with prejudice, until the *Heck* Conditions are met. *Hood*, 2013 WL 6174614; *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).

    d.  **Claims Against Chief Burise, Assistant Chief Carmona, Reserve Officer Tinnin and Martin in Their Official Capacities**

Plaintiff alleges constitutional violations against Chief Burise, Assistant Chief Carmona, Reserve Office Tinnin, and Michael Martin in their official capacities. These claims must also be dismissed. Regarding § 1983 claims, as is the case here, it is well settled that a suit against a municipal official or employee in his or her official capacity is simply another way of alleging municipal liability. *Carpenter v. Webre, No.* CV 17-808, 2018 WL 1453201, at *6 (E.D. La. Mar. 23, 2018). Further, when a government entity is a named defendant in the litigation, § 1983 claims against specific individuals in their official capacities are redundant, and it is appropriate to dismiss them. *Id*. Here, Ishak is asserting claims against the Town of Greensburg, therefore the claims against the aforementioned defendants in their official capacities are dismissed.

    e.  **Conspiracy Claims**

Next, the Court addresses Ishak's conspiracy allegations. She first makes a broad allegation that defendants "[c]onspiracy to deprive [her] rights (under §1983) Violation [sic] of Civil Rights Act…." R. Doc. 11 at 3. From the face of the Amended Complaint, it is unclear who Plaintiff is alleging specifically conspired to deprive her rights. Second, Plaintiff also alleges that Reserve Officer "Tinnin conspired to arrest Plaintiff before the police ever came to the hotel," and that Reserve Officer Tinnin "conspired to seek Plaintiff' [sic] location."; R. Doc 11 at 17-18. To prevail on her conspiracy claims, Ishak must show that the defendants agreed to commit an illegal act.

*Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). More than a blanket of accusation or conclusory statements are necessary to support conspiracy of such a § 1983 claim. *Id*. Additionally, it is well settled that conspiracy requires two or more persons or entities. *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953).

Here, Ishak does not proffer any factual assertions for her first claim of conspiracy as to which defendants worked in concert to violate her civil rights. R. Doc. 11 at 3. Plaintiff's second claim of conspiracy against Reserve Officer Tinnin references an "Exhibit 7." R. Doc 11 at 17-18. "Exhibit 7" is text communication between plaintiff and plaintiff's acquaintances and does not contain any factual assertions to support conspiracy against Tinnin. R. Doc. 11-1 at 67-72. Additionally, Plaintiff asserts only that Tinnin "conspired" to arrest her, and as stated, a person cannot conspire with herself. *Nelson Radio & Supply Co.*, 200 F.2d at 914.

Further, the intra-corporate conspiracy doctrine bars Plaintiff's claim to the extent that she alleges Reserve Officer Tinnin conspired with other members, officials or employees of the Town of Greensburg. The Fifth Circuit applies the intra-corporate conspiracy doctrine in circumstances when all defendants—who allegedly conspired with one another to produce the alleged harm—are members of the same collective identity. *Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994). Under such circumstances, the doctrine recognizes defendants as a single entity because they all work for the same organization. *Id.* at 653. Thus, a conspiracy did not exist because it did not involve two or more distinct people. *Id.*; *see also Angelle v. Town of Duson*, No.18-272, 2018 WL 4649788, at *9 (W.D. La. Aug. 7, 2018) (holding that no conspiracy existed because all named defendants were employees of a Police Department and thus, they constituted a single entity). Here, the doctrine applies because the Town of Greensburg and its employees—including Officer Tinnin—are all members who share a collective identity such that they cannot conspire amongst themselves.

Accordingly, the Court dismisses Ishak's conspiracy claims.

### f. Plaintiff's Right to Penalty, Punitive, or Exemplary Damages

Lastly, the Court need not reach the issue of damages because as a result of the foregoing, there are no remaining claims against any named defendants, who have been served.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, R. Doc. 29, is **GRANTED**. Plaintiff's claims against all defendants are dismissed with prejudice. However, Plaintiff reserves the right to re-urge the arguments raised in her Complaint after meeting the *Heck* conditions.

New Orleans, Louisiana this 31st day of May, 2024.

_____
United States District Judge